**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ROBINSON LUIS CORDERO,**

    **Plaintiff,**

-vs-                Case No.  6:11-cv-1692-Orl-19DAB

**READINESS MANAGEMENT SUPPORT, L.C.**
**and IAP WORLDWIDE SERVICES, INC.,**

    **Defendants.**

_____

**Order**

This case comes before the Court on the following:

1. Renewed Motion to Deny or Continue Summary Judgment Motion and For Discovery Pursuant to Federal Rule of Civil Procedure 56(f) and Incorporated Memorandum of Law by Plaintiff Robinson Luis Cordero (Doc. No. 51, filed July 11, 2012);

2. Memorandum in Opposition to Plaintiff's Renewed Motion to Deny or Continue Summary Judgment Motion for Discovery Pursuant to Federal Rule of Civil Procedure 56(f) by Defendants Readiness Management Support, L.C. and IAP Worldwide Services, Inc. (Doc. No. 54, filed July 24, 2012);

3. Report and Recommendation of United States Magistrate Judge David Baker on the Motion to Continue or Deny Summary Judgment (Doc. No. 57, filed July 30, 2012);

4. Objection to Magistrate Judge's Report and Recommendation by Plaintiff Robinson

          Luis Cordero (Doc. No. 58, filed Aug. 10, 2012); and

5.    Memorandum in Opposition to Plaintiff's Objections to the Report and Recommendation of the Magistrate Judge by Defendants Readiness Management Support, L.C. and IAP Worldwide Services, Inc. (Doc. No. 59, filed Aug. 20, 2012).

## Background

Robinson Luis Cordero ("Plaintiff") initiated this action against Defendants Readiness Management Support, L.C. ("Readiness") and IAP Worldwide Services, Inc. ("IAP") (collectively "Defendants") on June 1, 2011 in the Northern District of Florida. (Doc. No. 1.) The following day, Plaintiff filed the First Amended Complaint. (Doc. No. 3, filed June 2, 2011.) Defendants then filed a Motion to Dismiss, or in the alternative, a Motion to Transfer the Case to the Middle District of Florida. (Doc. No. 5, filed Aug. 15, 2011.) Plaintiff filed a Second Amended Complaint on October 4, 2011, and Judge Richard Smoak of the Northern District of Florida granted the Motion to Transfer on October 19, 2011. (Doc. Nos. 8, 12.)

On November 17, 2011, Plaintiff filed a Motion for Leave to File a Third Amended Complaint which the Court granted. (Doc. No. 30; Doc. No. 34, filed Dec. 7, 2011.) Plaintiff filed the Third Amended Complaint on December 21, 2011 and asserted twenty counts under Section 760.01, Florida Statutes, Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, including claims of hostile work environment on the basis of national origin, race, ethnicity, skin color, and claims of retaliatory harassment. (Doc. No. 37.) Defendants filed an Answer and Affirmative Defenses on January 9, 2012. (Doc. No. 39.)

On June 1, 2012, Defendants filed a Motion for Summary Judgment which the Court was to take under advisement on July 17, 2012 pursuant to a Milburn Order. (Doc. No. 47 at 12; Doc.

No. 48, filed June 8, 2012.)  Plaintiff filed a Motion to Deny or Continue the Motion for Summary Judgment on July 6, 2012; however, the Court denied the Motion with leave to reassert for failing to comply with Local Rule 3.01(g).[1]  (Doc. No. 49; Doc. No. 50, filed July 9, 2012.)  Plaintiff filed the Renewed Motion to Deny or Continue Summary Judgment (the "Motion to Continue Summary Judgment") pursuant to Federal Rule of Civil Procedure 56(f) on July 11, 2012, arguing that Defendants' Motion for Summary Judgment is premature.[2]  (Doc. No. 51 at 1.)  Specifically, Plaintiff argues that Defendants' Motion for Summary Judgment was filed before discovery was scheduled to be completed and that without such discovery, including certain depositions which were scheduled to occur through September 25, 2012, Plaintiff cannot "fully and completely respond to Defendants' Motion for Summary Judgment." (*Id.* at 2-3, 5.)  Plaintiff therefore requested that the Court postpone taking Defendants' Motion for Summary Judgment under advisement until October 31, 2012.  (*Id.* at 6.)  Defendants filed a Memorandum in Opposition to Plaintiff's Motion to Deny or Continue Summary Judgment on July 24, 2012.  (Doc. No. 54.)

Magistrate Judge David Baker issued a Report and Recommendation (the "Report and Recommendation") on July 30, 2012, recommending that Plaintiff's Motion to Continue Summary

---

[1] Local Rule 3.01(g) requires a party who files certain motions in a civil case to first confer with counsel for the opposing party in a good faith effort to resolve the issues raised in the motion and to certify that such conference took place.

[2] It appears Plaintiff filed the Motion to Continue Summary Judgment under Federal Rule of Civil Procedure 56(d) as opposed to 56(f).  (*See* Doc. No. 51.)  In 2010, significant amendments were made to the Federal Rules of Civil Procedure, including renumbering Rule 56(f) as Rule 56(d).  However, the language of subsection (d) has not been substantially altered, and the prior case law addressing Rule 56(f) applies with equal force to the current Rule 56(d).  *Jones v. Second,* 684 F.3d 1, 5 n.2 (1st Cir. 2012); *Michelman v. Lincoln Nat'l Life Ins. Co.,* 685 F.3d 887, 899 n.7 (9th Cir. 2012); *Hendricks v. Rambosk,* No. 2:10-cv-526-FtM-29DNF, 2011 WL 1429646, at *5 n.1 (M.D. Fla. Apr. 14, 2011).

Judgment be denied without prejudice on the grounds that: (1) the action has been pending for over a year; (2) Plaintiff has been free to commence discovery since October 2011; (3) Defendant made initial disclosures of witnesses in November 2011; and (4) there is "no showing that Plaintiff was prevented from serving Notices or subpoenas with regard to depositions, as contemplated by the Federal Rules." (Doc. No. 57.) Magistrate Judge Baker also noted that Plaintiff has not filed a motion to compel or similar motion "seeking the Court's assistance, if Plaintiff felt Defendants were being uncooperative." (*Id.*) Plaintiff filed an Objection to the Report and Recommendation, and Defendants filed a Memorandum in Opposition to Plaintiff's Objection. (Doc. No. 58, filed Aug. 10, 2012; Doc. No. 59, filed Aug. 20, 2012.)

**Legal Standards**

I. **Standard of Review on Report and Recommendation**

When a motion is delegated to a Magistrate Judge under Title 28, Section 636(b), of the United States Code, the Magistrate Judge is required to submit a report to the District Court and parties. 28 U.S.C. § 636(b). Federal Rule of Civil Procedure 72 provides the appropriate procedure for district court review of a magistrate judge's report and recommendation. If a party wishes to challenge the recommendation, the party must "serve and file *specific* written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2) (emphasis added). As explained by the Eleventh Circuit Court of Appeals, the party's objections must "specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 Fed. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 Fed. App'x at 784 (citing *Goney*

*v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)).

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). When conducting its de novo review, "the district court's consideration of the factual issue [must] be independent and based upon the record before the court." *Macort,* 208 Fed. App'x at 784 (quoting *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988)). After concluding its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3); *accord* Local Rule 6.02.

## II.     Rule 56(d) Motion to Continue Summary Judgment

Rule 56(d) provides in relevant part that if a party opposing summary judgment shows "by affidavit or declaration, that for specified reasons, it cannot present facts essential to justify its opposition," the court may: (1) defer considering the motion for summary judgment or deny it; (2) afford time to obtain affidavits or declarations or to take discovery; or (3) issue an appropriate order. FED. R. CIV. P. 56(d). In essence, Rule 56(d) provides a "safety net" for parties who need further time to obtain facts essential to oppose a motion for summary judgment. *Jones v. Secord,* 684 F.3d 1, 6 (1st Cir. 2012) (citing cases); *Reid v. State of N.H.,* 56 F.3d 332, 341 (1st Cir. 1995). The Court has discretion to grant or deny a motion under Rule 56(d). *Barfield v. Brierton,* 883 F.2d 923, 931 (11th Cir. 1989); *accord Hendricks v. Rambosk,* No. 2:10-cv-526-FtM-29DNF, 2011 WL 1429646, at *5 (M.D. Fla. Apr. 14, 2011).

To obtain a Rule 56(d) continuance, the party must "set[ ] forth with particularity the facts the moving party expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment." *Harbert Int'l, Inc. v. James,* 157 F.3d 1271, 1280 (11th Cir.

1998). A party may not simply "'rely on vague assertions that additional discovery will produce needed, but unspecified facts,' but rather he must specifically demonstrate 'how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" *Wallace v. Brownwell Pontiac-GMC, Co.,* 703 F.2d 525, 527 (11th Cir. 1983) (quoting *S.E.C. v. Spence & Green Chem. Co.,* 612 F.2d 896, 900 (5th Cir. 1980)). Additionally, a party will not be entitled to conduct further discovery under Rule 56(d) where the absence of evidence essential to that party's case is the result of that party's lack of diligence in pursuing such evidence through permitted methods of discovery. *Barfield,* 883 F.2d at 932 (finding the district court did not abuse its discretion in denying continuance when, although the plaintiff complied with the "technical requirements" of Rule 56(d), the plaintiff had "ample time and opportunity for discovery" but "failed to diligently pursue his options"); *Herbert v. Wicklund,* 744 F.2d 218, 222 (1st Cir. 1984). "Because the burden on a party resisting summary judgment is not a heavy one, one must conclusively justify the entitlement to the shelter of [Rule 56(d)] by presenting specific facts explaining the inability to make a substantive response as required by rule 56(e) . . . ." *Spence & Green Chem. Co.,* 612 F.2d at 901 (citation and quotation marks omitted); *accord Virgilio v. Ryland Group, Inc.,* 680 F.3d 1329, 1338 (11th Cir. 2012). This is "particularly [so] where . . . ample time and opportunities for discovery have already lapsed." *Spence & Green Chem. Co.,* 612 F.2d at 901.

**Analysis**

Plaintiff makes the following objections to the Report and Recommendation: (1) Magistrate Judge Baker's "suggestion" that Plaintiff had sufficient time for discovery did not consider the "numerous procedural events that delayed the commencement of discovery;" (2) "[c]ontrary to the suggestion of the Magistrate Judge's Report and Recommendation, the Plaintiff has diligently

-6-

attempted to conduct discovery;" (3) to the extent the Report and Recommendation is based on the "assumption" that Plaintiff claims he was inappropriately denied discovery, the Report and Recommendation "is incorrect and fails to adequately evaluate Plaintiff's articulated reasons for this Court to postpone ruling on Defendants' Motion for Summary Judgment;" (4) Magistrate Judge Baker's reference that Plaintiff has not filed a motion to compel "inappropriately castigates Plaintiff for his good faith attempts to avoid discovery disputes;" (5) the Report and Recommendation "does not even consider the law applicable to Plaintiff's Motion to Continue or Deny Defendants' Motion for Summary Judgment;" and (6) the Report and Recommendation "makes no finding . . . as to whether Plaintiff has satisfied the requirements" of Federal Rule of Civil Procedure 56(d). (Doc. No. 58 at 2-6.) As explained below, the Court finds that Plaintiff's objections are not well-taken or are not proper objections.

Plaintiff first objects to the portion of the Report and Recommendation that states "the parties have been free to commence discovery since at least October 2011," arguing that such finding "omits any reference to numerous procedural events that delayed the commencement of discovery until at least February of 2012." (Doc. No. 58 at 2-3.) In particular, Plaintiff points to the following procedural events: (1) the transfer of the action from the Northern District of Florida to the Middle District of Florida; (2) Defendants' Second Motion to Dismiss; (3) Plaintiff's Response to the Defendants' Second Motion to Dismiss; (4) Plaintiff's Motion for Leave to Amend the Complaint; (5) the Court's Order granting leave to amend; and (6) Defendants' Answer and Affirmative Defenses which was filed on January 9, 2012. (*Id.* at 3.)

The Court finds Plaintiff's first objection is without merit. First, Magistrate Judge Baker correctly found that the parties have been able to commence discovery since October 2011. (Doc. No. 57 at 1.) On October 4, 2011, Judge Smoak of the Northern District of Florida entered an Initial

Scheduling Order permitting the commencement of the discovery period. (Doc. No. 8.) Then, on October 31, 2011, after the action was transferred to the Middle District of Florida, the parties filed a Case Management Report indicating that the parties had conferred and agreed to certain discovery deadlines. (Doc. No. 18.) Second, Plaintiff has not shown that the procedural events noted above prevented Plaintiff from conducting discovery beginning in October of 2011. (*See* Doc. No. 51; Doc. No. 58.) And, if Plaintiff felt that the pending motions or procedural events noted were delaying Plaintiff's ability to conduct discovery, Plaintiff could have filed a motion seeking judicial intervention, such as a motion to stay discovery.[3] *Moore v. Shands Jacksonville Med. Ctr., Inc.,* No. 3:09-cv-298-J-34TEM, 2009 WL 4899400, at *1 (M.D. Fla. Dec. 11, 2009) ("Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion involving judicial intervention."). However, no such motion was filed. Thus, Plaintiff's first objection is overruled.

Plaintiff's second and third objections are not proper objections, because Plaintiff fails to object to a specific finding in the Report and Recommendation. (Doc. No. 58.) In the second objection Plaintiff merely states that "[c]ontrary to the *suggestion* of the Magistrate Judge's Report and Recommendation, the Plaintiff has diligently attempted to conduct discovery." (*Id.* at 3 (emphasis added).) Similarly, in the third objection, Plaintiff argues that "[c]ontrary to the

---

[3] Even if a motion to stay discovery had been filed, such motions are not automatically granted in the face of a pending motion to dismiss, motion to transfer, or motion to amend. *Feldman v. Flood,* 176 F.R.D. 651, 652 (M.D. Fla. 1997) (noting a request to stay discovery pending the resolution of a motion is rarely appropriate where the resolution of the motion will not dispose of the entire case); *Rich v. City of Jacksonville,* No. 3:09-cv-454-J-34MCR, 2010 WL 1141556, at *1 (M.D. Fla. Mar. 23, 2010) (noting that when the "resolution on the pending motion to dismiss may extinguish some or all of the claims . . . potentially restricting the scope of discovery," courts have granted motions to stay discovery); *Ratunuman v. Sanchez,* No. 09-22937-CIV, 2010 WL 1791429, at *3 (S.D. Fla. May 5, 2010).

Magistrate Judge's *suggestion* in his Report and Recommendation, Plaintiff does not claim and has never claimed that he has 'inappropriately been *denied* discovery'; rather, Plaintiff's position is that discovery has been *inevitably delayed*, both by the procedural events set forth above and by the Defendants' sluggish response to Plaintiff's requests for specific information regarding the witnesses to be deposed." (*Id.* at 4 (emphasis added).)   Plaintiff further argues that "[t]o the extent that the Magistrate Judge's recommendation is based on this *assumption*, it is incorrect and fails to adequately evaluate Plaintiff's articulated reasons for this Court to postpone ruling on Defendants' Motion for Summary Judgment." (*Id.* at 4 (emphasis added).)

The Eleventh Circuit Court of Appeals has made clear that "[p]arties filing objections to a magistrate's report and recommendation must specifically identify those *findings* objected to." *Marsden v. Moore,* 847 F.2d 1536, 1548 (11th Cir. 1988) (emphasis added); *see also United States v. Schultz,* 565 F.3d 1353, 1360 (11th Cir. 2009) (noting that a party wishing to make an objection to a report and recommendation "must clearly advise the district court and pinpoint the specific findings that the party disagrees with"). Here, Defendant correctly notes that Plaintiff seeks to oppose "assumptions" and "suggestions," and not findings made by Magistrate Judge Baker. (Doc. No. 59 at 3-4.) Magistrate Judge Baker did not make a specific finding that Plaintiff was not diligent in conducting discovery, instead finding that discovery could have commenced in this action in October 2011. (*See* Doc. No. 57; Doc. No. 8, Doc. No. 18.) Additionally, Plaintiff's contention in his third objection that he did not argue he was *denied* discovery, but rather that discovery was *delayed* appears to be a distinction without a difference and does not demonstrate that Magistrate Judge Baker failed to "adequately evaluate Plaintiff's articulated reasons for this Court to postpone ruling on Defendants' Motion for Summary Judgment," as Plaintiff contends. (*Id.*) Further, as discussed below, the Court finds that Plaintiff was not diligent in pursuing discovery, even in light

of the procedural events noted by Plaintiff and Defendants' allegedly sluggish responses to Plaintiff's requests. Thus, the Court will overrule the second and third objections.

Plaintiff's fourth objection is also not a proper objection to the Report and Recommendation. Plaintiff's fourth objection points to the portion of the Report and Recommendation which states "[n]or is there any record of Plaintiff filing a motion to compel or similar motion seeking the Court's assistance, if Plaintiff felt Defendants were being uncooperative." (Doc. No. 58 at 5; Doc. No. 57 at 1.) Plaintiff argues that Magistrate Judge Baker's reference and reliance on the "absence of any Motion to Compel in the record . . . inappropriately castigates Plaintiff for his good faith attempts to avoid discovery disputes . . . ." (Doc. No. 58 at 5.) Plaintiff further argues that "rather than clutter the docket with Motions to Compel," Plaintiff has "been patient with Defendants' unhurried responses to his requests for information regarding Defendants' employee witnesses." (*Id.*)

First, Magistrate Judge Baker's finding that there is no record of Plaintiff filing a motion to compel or similar motion is confirmed by the record. Second, the Court agrees with Defendant that Plaintiff's fourth objection is "a complaint in what Plaintiff perceives as some sort of personal affront to him." (Doc. No. 59 at 5.) Third, if Plaintiff believed that Defendants were utilizing improper "delay tactics," Plaintiff was free to seek intervention from the Court. (Doc. No. at 6 (discussing that "Plaintiff should not be punished for Defendants' *delay tactics*").); *e.g., Kelly v. Old Dominion Freight Line, Inc.,* 376 Fed. App'x 909, 911 (11th Cir. 2010) (involving a motion to compel discovery when the defendant had not responded to discovery requests); *Bank of Mongolia v. M&P Global Fin. Servs., Inc.,* 258 F.R.D. 514, 519 (S.D. Fla. 2009) (citing FED. R. CIV. P. 37(a)(2)) (noting that if a party fails to respond to a discovery request, the discovering party may move for an order compelling a response). Lastly, Plaintiff's decision to remain "patient with Defendants and to not "clutter the docket" are choices made by Plaintiff and do not establish a

sufficient basis on which the Court may grant Plaintiff's Motion to Continue Summary Judgment, particularly in light of the ample time Plaintiff has had to conduct discovery. *Virgilio,* 680 F.3d at 1338; *Swisher v. Collins,* 409 Fed. App'x 139, 142 (9th Cir. 2011) (noting a request for continuance to conduct additional discovery should be denied when the movants "had ample time and opportunity to conduct discovery, but failed to do so"); *Despanie v. Henderson,* 34 Fed. App'x 350, 351 (9th Cir. 2002) (affirming the district court's denial of the Motion for Continuance to conduct discovery when the plaintiff had ample time to conduct discovery). Thus, the Court overrules Plaintiff's fourth objection.

The Court also finds that Plaintiff's fifth and sixth objections are without merit. In the fifth objection, Plaintiff objects to the Report and Recommendation because "it does not even consider the law applicable to Plaintiff's Motion to Continue or Deny Defendants' Motion for Summary Judgment." (Doc. No. 58 at 5.) Similarly, in the sixth objection, Plaintiff argues that the Report and Recommendation "makes no finding . . . as to whether the Plaintiff has satisfied the requirements" of Federal Rule of Civil Procedure 56(d). (*Id.* at 6.) The fact that the Report and Recommendation does not recite the law concerning Rule 56(d) does not mean that Magistrate Judge Baker did not properly consider it when making his recommendation. Nevertheless, after conducting an independent review, the Court agrees with Magistrate Judge Baker's recommendation to deny the Motion to Continue Summary Judgment.

Plaintiff's Motion to Continue Summary Judgment and the attached declaration of Plaintiff's counsel arguably provides what facts Plaintiff seeks to discover, albeit inferentially, and how those facts are necessary to rebut Defendants' contentions in its Motion for Summary Judgment. (*See, e.g.,* Doc. No. 51 at 8 (noting that through the testimony of Jonathan Essick, Richard Blanton, and Jason Moschella, Plaintiff expects to show that more than six months after the initial harassment,

Karvosky singled out Plaintiff for secret surveillance with the help of Blanton and Moschella); *id.* (noting that Plaintiff believes the testimony of Linda Dillon and Bob Echols will show whether and to what extent Defendants conducted an investigation into Plaintiff's complaints of unlawful treatment); Doc. No. 51-3.) However, such a showing, by itself, is insufficient to grant a motion under Rule 56(d). The Eleventh Circuit has stated that a party will not be entitled to further discovery under Rule 56(d) where the absence of evidence crucial to its case is the result of that party's lack of diligence in pursuing such evidence through the discovery it was permitted. *Barfield,* 883 F.2d at 932 (finding no additional discovery should be granted when the absence of information was due to the plaintiff's lack of diligence); *Fla. Power & Light Co. v. Allis Chalmers Corp.,* 893 F.2d 1313, 1316 (11th Cir. 1990) (affirming the district court's denial of a Rule 56(d) motion where the parties agreed on a discovery schedule which the trial court extended several times).

Plaintiff was permitted to conduct discovery beginning in October 2011. (Doc. Nos. 8, 19, 57.) However, Plaintiff admits that he did not begin requesting deposition dates for the desired witnesses until February 2012. (Doc. No. 51 at 5; Doc. No. 51-3 (noting that "since at least February 29, 2012, the Plaintiff has made diligent attempts to schedule the depositions").) Plaintiff argues, pointing to a series of emails between the parties, that Defendants were sluggish and engaged in "delay tactics" when trying to schedule the depositions. (Doc. No. 51 at 5-6; Doc. No. 51-1; Doc. No. 58.) But, such correspondence did not even begin until February 2012, and Plaintiff does not sufficiently explain why he waited until that time.

If, after February 2012, Plaintiff felt that Defendants were engaging in "delay tactics," Plaintiff should have sought judicial intervention. *Exigent Tech., Inc. v. Atrana Solutions, Inc.,* 442 F.3d 1301, 1310 (Fed. Cir. 2006) ( applying Eleventh Circuit law and finding the district court did not abuse its discretion in denying the Rule 56(d) motion when the plaintiff could have sought the

district court's assistance if the plaintiff believed the defendant was not promptly responding to its discovery requests). Further, as noted above, Plaintiff has not shown that the procedural events to which Plaintiff claims delayed the discovery process prevented Plaintiff from pursuing discovery in October 2011. Accordingly, Plaintiff has not provided specific facts explaining his inability to respond to Defendants' Motion for Summary Judgment in light of the time Plaintiff had to conduct discovery.[4] *Virgilio,* 680 F.3d at 1338; *see also Matoon v. City of Piitsfield,* 980 F.2d 1, 7 (1st Cir. 1992) (quotation marks and citation omitted) ("Under [Rule 56(d)] the movant must (1) articulate a plausible basis for the belief that discoverable materials exist which would raise a trial worthy issue, and (2) demonstrate good cause for failure to have conducted the discovery earlier"). Thus, Plaintiff's fifth and sixth objections are overruled.

## Conclusion

Based on the foregoing it is **ORDERED** and **ADJUDGED** that Plaintiff's Objection to Magistrate Judge's Report and Recommendation that the Court Deny Plaintiff's Motion to Deny or Continue Summary Judgment Motion and for Discovery (Doc. No. 58, filed Aug. 10, 2012) is **OVERRULED.** The Court **AFFIRMS and ADOPTS** Magistrate Judge Baker's Report and Recommendation (Doc. No. 57, filed July 30, 2012), and Plaintiff's Motion to Deny or Continue Summary Judgment and for Discovery Pursuant to Fed. R. Civ. P. 56(F) and Incorporated Memorandum of Law (Doc. No. 51, filed July 11, 2012) is **DENIED without prejudice** to the Court's consideration of Plaintiff's professed need for additional discovery in its consideration of

---

[4] According to the Case Management Scheduling Order, the discovery deadline in this action is October 1, 2012. (Doc. No. 21.) However, the fact that the discovery period has not yet ended does not preclude denial of the Motion to Continue Summary Judgment, as the district court is not required to await the completion of discovery before ruling on a motion for summary judgment. *Fla. Power & Light Co. v. Allis Chalmers, Corp.,* 893 F.2d 1313, 1316 (11th Cir. 1990).

Defendants' Motion for Summary Judgment and Plaintiff's response to it.

**Done** and **Ordered** in Chambers, in Orlando, Florida on August __29__, 2012.

*/s/ Patricia C. Fawsett*

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record